UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

UNITED STATES OF AMERICA

v.

CASE NO. 2:12cr07-

18 U.S.C. § 1343 and 2
WILLIAM A. VASDEN, JR.          18 U.S.C. § 1001(a)(3)
AKA "Bill Vasden"               18 U.S.C. § 981(a)(1)(C)
                                28 U.S.C. § 2461(c)

## INDICTMENT

The Grand Jury charges:

### COUNTS ONE THROUGH THIRTY
### (Wire Fraud, 18 U.S.C. §§ 1343 and 2)

#### A. Introduction

At all times material to this indictment, unless otherwise specified:

1. USCJO, Inc. was a corporation operating in the Middle District of Florida and incorporated under the laws of incorporation by the State of Florida. USCJO, Inc. was an active Florida corporation whose principal offices were located in Tampa, Florida, in the Middle District of Florida.

2. Defendant, **WILLIAM A. VASDEN, JR.**, also known as Bill Vasden, was the President of USCJO, Inc.

3. Defendant, **WILLIAM A. VASDEN, JR.**, was also the manager and registered agent of Sure Survival, LLC, an active Florida corporation whose

1

principal offices were located in Tampa, Florida in the Middle District of Florida.

4. Sure Survival, LLC, was a retail gun store that sold firearms to the general public.

5. The USCJO, Inc. website and publications purported that USCJO, Inc. was a biomass and biofuel feed stock farming corporation that grew fuel and energy producing crops for profit.

6. Kenaf was an annual plant with a woody base which could be used for biomass power generation when harvested.

7. Camelina was an annual plant with a woody base.  The seeds harvested from the camelina plant could be used to produce an oil substance used as a lubricant or a biofuel.

8. Fifth Third Bank was a financial institution with locations throughout the United States, the accounts and deposits of which were insured by the Federal Deposit Insurance Corporation (hereinafter, "FDIC").

9. EverBank was a financial institution with locations throughout the State of Florida, the accounts and deposits of which were insured by the FDIC.

10. Bank of Montreal was a financial institution located in Canada.

11. Wells Fargo/Wachovia was a financial institution with locations throughout the United States, the accounts and deposits of which were insured by the FDIC.

2

## B. The Criminal Scheme

12.     Beginning on or about August 1, 2010 and continuing thereafter, through and including at least November 30, 2011, in the Middle District of Florida, and elsewhere,

### WILLIAM A. VASDEN, JR.

the defendant herein, did knowingly and willfully devise and intend to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, and did transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing said scheme and artifice.

## C.  Manner and Means

It was a part of the scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations and promises, that from on or about August 1, 2010 to on or about November 30, 2011:

13. Defendant, **WILLIAM A. VASDEN, JR.**, would and did falsely represent to purchasers and investors that he was a fourth generation farmer and falsely claimed his family owned thousands of acres of farm land.

14. It was further part of the scheme and artifice to defraud that Defendant, **WILLIAM A. VASDEN, JR.**, would and did falsely represent in workshops and

3

informational meetings to potential investors that he has been involved in commercial farming for the past 15 years.

15. It was further a part of the scheme and artifice to defraud that Defendant, **WILLIAM A. VASDEN, JR.**, would and did enter into oral contracts with investors to harvest kenaf and camelina crops and citrus chips for a substantial amount of money.

16. It was further part of the scheme and artifice to defraud that Defendant, **WILLIAM A. VASDEN, JR.**, would and did falsely represent that kenaf could be harvested; pelletized and sold in the European market and that each acre planted could yield 8 tons.

17. It was further part of the scheme and artifice to defraud that Defendant, **WILLIAM A. VASDEN, JR.**, would and did falsely lead investors to believe that he had buyers already under contract to purchase harvested kenaf crop.

18. It was further part of the scheme and artifice to defraud that Defendant, **WILLIAM A. VASDEN, JR.**, would and did show potential investors false spreadsheets on return figures which indicated that investors could double or quadruple their money.

19. It was further part of the scheme and artifice to defraud that Defendant, **WILLIAM A. VASDEN, JR.**, would and did fraudulently induce at least three investors to invest in USCJO, Inc. under the representation that their investment in kenaf and camelina crops and citrus chips would produce a significant profit.

20. It was further part of the scheme and artifice to defraud that Defendant,

4

**WILLIAM A. VASDEN, JR.,** would and did falsely lead investors to believe their crops were planted and they were the sole investors in the crops.

21. It was further part of the scheme and artifice to defraud that Defendant, **WILLIAM A. VASDEN, JR.,** would and did send false status reports and updates to investors.

22. It was further part of the scheme and artifice to defraud that Defendant, **WILLIAM A. VASDEN, JR.,** deposited the investor's money into his personal and business accounts and used a sum of the investor's money for his personal benefit without investing the money into the farming business as previously promised to investors.

### D. Execution of the Scheme

23.    On or about the dates as set forth below in each Count, in the Middle District of Florida, the defendant, as set forth below in each Count, for the purpose of executing the aforesaid scheme and artifice to defraud, did knowingly transmit and cause to be transmitted in interstate and foreign commerce by means of wire communication, certain writings, signs, signals, pictures and sounds, as described and set forth below:

5

| COUNT | DATE | VICTIM | WIRE TRANSFER |
|:---:|:---:|:---|:---|
| 1 | 2/15/2011 | R. G. and J. B. | Wire transfer in the amount of **$57,600.00** from Fifth Third Bank, located in Radnor, Pennsylvania, account no. xxxxx2795, via the Federal Reserve Bank operations center in Newark, New Jersey, to Wells Fargo Bank account no. xxxxxxxxx0077, in the name USCJO, Inc. |
| 2 | 2/15/2011 | R. G. and J. B. | Wire transfer in the amount of **$66,850.00** from Fifth Third Bank, located in Radnor, Pennsylvania, account no. xxxxxxxxx2795, via the Federal Reserve Bank operations center in Newark, New Jersey, to, Wells Fargo Bank account no. xxxxxxxxx0077, in the name of USCJO, Inc. |
| 3 | 3/2/2011 | R. G. and J. B. | Wire transfer in the amount of **$28,800.00** from Fifth Third Bank, located in Radnor, Pennsylvania, account no. xxxxxxxxx2795, via the Federal Reserve Bank operations center in Newark, New Jersey, to, Wells Fargo Bank account no. xxxxxxxxx0077, in the name of USCJO, Inc. |
| 4 | 3/2/2011 | R. G. and J. B. | Wire transfer in the amount of **$52,650.00** from Fifth Third Bank, located in Radnor, Pennsylvania, account no. xxxxxxxxx2795, via the Federal Reserve Bank operations center in Newark, New Jersey, to, Wells Fargo Bank account no. xxxxxxxxx0077, in the name of USCJO, Inc. |

| 5 | 3/7/2011 | R. G. and J. B. | Wire transfer in the amount of **$52,650.00** from Fifth Third Bank, located in Radnor, Pennsylvania, account no. xxxxxxxxx2795, via the Federal Reserve Bank operations center in Newark, New Jersey, to, Wells Fargo Bank account no. xxxxxxxxx0077, in the name of USCJO, Inc. |
| 6 | 3/16/2011 | R. G. and J. B. | Wire transfer in the amount of **$52,650.00** from Fifth Third Bank, located in Radnor, Pennsylvania, account no. xxxxxxxxx2795, via the Federal Reserve Bank operations center in Newark, New Jersey, to, Wells Fargo Bank account no. xxxxxxxxx0077, in the name of USCJO, Inc. |
| 7 | 3/21/2011 | R. G. and J. B. | Wire transfer in the amount of **$52,650.00** from Fifth Third Bank, located in Radnor, Pennsylvania, account no. xxxxxxxxx2795, via the Federal Reserve Bank operations center in Newark, New Jersey, to, Wells Fargo Bank account no. xxxxxxxxx0077, in the name of USCJO, Inc. |
| 8 | 3/30/2011 | R. G. and J. B. | Wire transfer in the amount of **$52,650.00** from Fifth Third Bank, located in Radnor, Pennsylvania, account no. xxxxxxxxx2795, via the Federal Reserve Bank operations center in Newark, New Jersey, to, Wells Fargo Bank account no. xxxxxxxxx0077, in the name of USCJO, Inc. |

| COUNT | DATE | VICTIM | WIRE TRANSFER |
|:-----:|:-----|:-------|:--------------|
| 9 | 2/9/2011 | College of Life Foundation | Wire transfer in the amount of **$38,000.00** from EverBank, located in Florida, account no. xxxxxxxxx1147, via the Federal Reserve Bank operations center in Newark, New Jersey, to, Wells Fargo Bank account no. xxxxxxxxx0077, in the name of USCJO, Inc. |
| 10 | 2/16/2011 | College of Life Foundation | Wire transfer in the amount of **$27,000.00** from EverBank, located in Florida, account no. xxxxxxxxx1147, via the Federal Reserve Bank operations center in Newark, New Jersey, to, Wells Fargo Bank account no. xxxxxxxxx0077, in the name of USCJO, Inc. |
| 11 | 2/23/2011 | College of Life Foundation | Wire transfer in the amount of **$27,000.00** from EverBank, located in Florida, account no. xxxxxxxxx1147, via the Federal Reserve Bank operations center in Newark, New Jersey, to, Wells Fargo Bank account no. xxxxxxxxx0077, in the name of USCJO, Inc. |
| 12 | 2/28/2011 | College of Life Foundation | Wire transfer in the amount of **$27,000.00** from EverBank, located in Florida, account no. xxxxxxxxx1147, via the Federal Reserve Bank operations center in Newark, New Jersey, to, Wells Fargo Bank account no. xxxxxxxxx0077, in the name of USCJO, Inc. |

| 13 | 3/07/2011 | College of Life Foundation | Wire transfer in the amount of **$27,000.00** from EverBank, located in Florida, account no. xxxxxxxxx1147, via the Federal Reserve Bank operations center in Newark, New Jersey, to, Wells Fargo Bank account no. xxxxxxxxx0077, in the name of USCJO, Inc. |
| --- | --- | --- | --- |
| 14 | 3/14/2011 | College of Life Foundation | Wire transfer in the amount of **$27,000.00** from EverBank, located in Florida, account no. xxxxxxxxx1147, via the Federal Reserve Bank operations center in Newark, New Jersey, to, Wells Fargo Bank account no. xxxxxxxxx0077, in the name of USCJO, Inc. |
| 15 | 4/6/2011 | College of Life Foundation | Wire transfer in the amount of **$113,500.00** from EverBank, located in Florida, account no. xxxxxxxxx1147, via the Federal Reserve Bank operations center in Newark, New Jersey, to, Wells Fargo Bank account no. xxxxxxxxx0077, in the name of USCJO, Inc. |
| 16 | 4/11/2011 | College of Life Foundation | Wire transfer in the amount of **$56,750.00** from EverBank, located in Florida, account no. xxxxxxxxx1147, via the Federal Reserve Bank operations center in Newark, New Jersey, to, Wells Fargo Bank account no. xxxxxxxxx0077, in the name of USCJO, Inc. |

| 17 | 4/19/2011 | College of Life Foundation | Wire transfer in the amount of **$27,000.00** from EverBank, located in Florida account no. xxxxxxxxx1147, via the Federal Reserve Bank operations center in Newark, New Jersey, to, Wells Fargo Bank account no. xxxxxxxxx0077, in the name of USCJO, Inc. |
| --- | --- | --- | --- |
| 18 | 4/19/2011 | College of Life Foundation | Wire transfer in the amount of **$29,750.00** from EverBank, located in Florida, account no. xxxxxxxxx1147, via the Federal Reserve Bank operations center in Newark, New Jersey, to, Wells Fargo Bank account no. xxxxxxxxx0077, in the name of USCJO, Inc. |
| 19 | 4/28/2011 | Cormass and E. S. | Wire transfer in the amount of **$113,980.00** from Bank of Montreal, located in Canada account no. xxxxxxxxx2485, to, Wells Fargo Bank account no. xxxxxxxxx0077, in the name of USCJO, Inc. |
| 20 | 5/10/2011 | Cormass and E. S. | Wire transfer in the amount of **$583,725.00** from Bank of Montreal, located in Canada account no. xxxxxxxxx2485, to, Wells Fargo Bank account no. xxxxxxxxx0077, in the name of USCJO, Inc. |
| 21 | 5/26/2011 | Cormass and E. S. | Wire transfer in the amount of **$284,980.00** from Bank of Montreal, located in Canada account no. xxxxxxxxx2485, to, Wells Fargo Bank account no. xxxxxxxxx0077, in the name of USCJO, Inc. |

| 22 | 6/03/2011 | Cormass and E. S. | Wire transfer in the amount of **$189,980.00** from Bank of Montreal, located in Canada account no. xxxxxxxxx2485, to, Wells Fargo Bank account no. xxxxxxxxx0077, in the name of USCJO, Inc. |
| --- | --- | --- | --- |
| 23 | 6/09/2011 | Cormass and E. S. | Wire transfer in the amount of **$189,980.00** from Bank of Montreal, located in Canada account no. xxxxxxxxx2485, to, Wells Fargo Bank account no. xxxxxxxxx0077, in the name of USCJO, Inc. |
| 24 | 6/14/2011 | Cormass and E. S. | Wire transfer in the amount of **$189,980.00** from Bank of Montreal, located in Canada account no. xxxxxxxxx2485, to, Wells Fargo Bank account no. xxxxxxxxx0077, in the name of USCJO, Inc. |
| 25 | 6/22/2011 | Cormass and E. S. | Wire transfer in the amount of **$189,980.00** from Bank of Montreal, located in Canada account no. xxxxxxxxx2485, to, Wells Fargo Bank account no. xxxxxxxxx0077, in the name of USCJO, Inc. |
| 26 | 6/29/2011 | Cormass and E. S. | Wire transfer in the amount of **$189,980.00** from Bank of Montreal, located in Canada account no. xxxxxxxxx2485, to, Wells Fargo Bank account no. xxxxxxxxx0077, in the name of USCJO, Inc. |
| 27 | 7/08/2011 | Cormass and E. S. | Wire transfer in the amount of **$189,980.00** from Bank of Montreal, located in Canada account no. xxxxxxxxx2485, to, Wells Fargo Bank account no. xxxxxxxxx0077, in the name of USCJO, Inc. |

| 28 | 7/19/2011 | Cormass and E. S. | Wire transfer in the amount of **$189,980.00** from Bank of Montreal, located in Canada account no. xxxxxxxxx2485, to, Wells Fargo Bank account no. xxxxxxxxx0077, in the name of USCJO, Inc. |
|----|-----------|-------------------|----------------|
| 29 | 7/21/2011 | Cormass and E. S. | Wire transfer in the amount of **$189,980.00** from Bank of Montreal, located in Canada account no. xxxxxxxxx2485,to, Wells Fargo Bank account no. xxxxxxxxx0077, in the name of USCJO, Inc. |
| 30 | 7/29/2011 | Cormass and E. S. | Wire transfer in the amount of **$189,980.00** from Bank of Montreal, located in Canada account no. xxxxxxxxx2485, to, Wells Fargo Bank account no. xxxxxxxxx0077, in the name of USCJO, Inc. |

All in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT THIRTY-ONE

### (False Statements, 18 U.S.C. §§ 1001)

On or about October 2010 through April 2011, in the Middle District of Florida,

### WILLIAM A. VASDEN JR.,

the defendant herein, in a matter within the jurisdiction of the Department of

Energy, a department of the Executive Branch of the Government of the United

States, unlawfully, willfully, and knowingly made materially false, fictitious, and

fraudulent statements and representations, and made and used false writings

and documents knowing the same to contain material false, fictitious, and

fraudulent statements, and caused material false statements to be made, in that

**WILLIAM VASDEN, JR.**, the President of USCJO, Inc., submitted an application

and subsequent progress reports for a federal energy grant in which he stated:

      (a) The project team consists of Bill Vasden and J. P., two third generation

           farmers, with homesteads totaling 60,500 acres in SW Florida;

      (b) Bill Vasden has operated USCJO 70% petroleum diesel free for three

           years;

      (c) USCJO is the largest and most experienced grower of camelina oil

           seed feedstock and kenaf biomass feedstock crops in Florida.

           USCJO has planted these USDA approved biomass crops in rotation,

           producing kenaf biomass for energy generation and camelina

           feedstock oil for biodiesel fuel for the United States Air Force;

When in truth and fact, as the defendant well knew:

      (a) the project team did not own 60,500 acres of homesteads;

      (b) USCJO did not operate on 70% petroleum diesel free for three years;

           and

      (c) USCJO did not produce kenaf biomass for energy generation and

           camelina feedstock oil for biodiesel fuel for the United States Air

           Force.

All in violation of Title 18, United States Code, Section 1001.

13

## FORFEITURE

1.      The allegations contained in Counts One through Thirty of this

Indictment are hereby realleged and incorporated by reference for the purpose of

alleging forfeitures pursuant to Title 18, United States Code, Section

981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2.      Upon conviction of the offenses in violation of Title 18, United

States Code, Section 1343 set forth in Counts One through Thirty of this

Indictment, the defendant,

### WILLIAM A. VASDEN, JR.,

shall forfeit to the United States of America, pursuant to Title 18, United States

Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c),

any property, real or personal, which constitutes or is derived from proceeds

traceable to the offenses.  The property to be forfeited includes, but is not limited

to, a forfeiture money judgment in the amount of $3,231,337.00.

3.      If any of the property described above, as a result of any act or

omission

of the defendant:

     a.      cannot be located upon the exercise of due diligence;

     b.      has been transferred or sold to, or deposited with, a third
party;

     c.      has been placed beyond the jurisdiction of the court;

     d.      has been substantially diminished in value; or

     e.      has been commingled with other property which cannot be

14

divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property

pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title

28, United States Code, Section 2461(c).

All pursuant to 18 U.S.C. 981(a)(1)(C) and 28 U.S.C. 2461(c).


Foreperson


ROBERT E. O'NEILL
United States Attorney

By:_____
TAMA KOSS CALDARONE
Assistant United States Attorney


By:_____
DAVID LAZARUS
Forfeiture Attorney
Assistant United States Attorney


By:_____
NICOLE WAID
Assistant United States Attorney
Chief, Ft. Myers Division


15

FORM OBD-34
APR 1991

No.

# UNITED STATES DISTRICT COURT

Middle District of Florida
Fort Myers Division

## THE UNITED STATES OF AMERICA

vs.

**WILLIAM A. VASDEN, JR.**
a/k/a "Bill Vasden"

## INDICTMENT

Violations:

18 § 1343
18 § 1001(a)(3)
18 § 2

A true bill,

_____
Foreperson

Filed in open court this 19th day

of September, 2012.

_____
Clerk

Bail  $_____

L:\_Criminal Cases\Vasden, Jr., William_201200115_TKC\Indictment back.frm